UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
                                                                         :
ALEXANDER LAKHTER,                                                       :
                                                                         :
                                    Plaintiff,                          :
                                                                         :        25-CV-4508 (JMF)
                     -v-                                                 :
                                                                         :        MEMORANDUM OPINION
MTA HEADQUARTERS,                                                        :            AND ORDER
                                                                         :
                                    Defendant.                          :
                                                                         :
-------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Plaintiff Alexander Lakhter was an employee of the Metropolitan Transportation Authority (the "MTA"). On Sunday, June 9, 2024, Lakhter and his family were scheduled to return to the United States from a trip to Italy when his father-in-law, with whom he was traveling, suffered a medical emergency and had to be taken to the hospital. ECF No. 10 ("FAC"), ¶¶ 9-12. Later that day, Lakhter — who had accompanied his father-in-law to the hospital — sent a text to his direct supervisor at the MTA to advise of the situation and that he would not be at work until Wednesday, June 12, 2024; Lakhter asked his supervisor to "let HR folks know." *Id.* ¶ 19. The supervisor responded by text: "Ok. I hope all goes well. Safe trip." *Id.* ¶ 20 (internal quotation marks omitted). Nevertheless, on June 13, 2024, the MTA fired Lakhter based, in part, on his "unexcused absences" on June 10 and 11, 2024. *Id.* ¶¶ 31-33. Thereafter, Lakhter filed this lawsuit, in which he now alleges only one claim: for interference with his rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*. The MTA moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss that claim. *See* ECF No. 11.

An employee brings an "interference" claim under the FMLA "when [his] employer has prevented or otherwise impeded the employee's ability to exercise rights under the FMLA." *Woods v. START Treatment & Recovery Ctrs., Inc.*, 864 F.3d 158, 166 (2d Cir. 2017). To plead an interference claim, a plaintiff must plausibly allege (1) "that []he is an eligible employee under the FMLA"; (2) "that the defendant is an employer as defined by the FMLA"; (3) "that []he was entitled to take leave under the FMLA"; (4) "that []he gave notice to the [employer] of [his] intention to take leave"; and (5) that his employer "denied or otherwise interfered with a benefit to which []he was entitled" under the statute. *Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 424 (2d Cir. 2016); *see Kemp v. Regeneron Pharms., Inc.*, 117 F.4th 63, 69 (2d Cir. 2024). "Critically, however, whatever the nature of the alleged interference, a plaintiff can establish a violation of the Act only if the employer's actions ultimately result in the denial of a benefit under the FMLA." *Majied v. New York City Dep't of Educ.*, No. 16-CV-5731 (JMF), 2018 WL 333519, at *3 (S.D.N.Y. Jan. 8, 2018) (cleaned up).

In light of these standards, Lakhter's interference claim fails as a matter of law for the simple reason that the FMLA indisputably does not cover leave to care for an ailing parent-in-law. *See* 29 U.S.C. §§ 2611(7), 2612(a)(1)(C); 29 C.F.R. §§ 825.102, .112(a)(3), .122(c); *see also, e.g.*, *Tsun v. WDI Int'l, Inc.*, No. CIV. 12-00051 LEK-KSC, 2013 WL 1337016, at *5 (D. Haw. Mar. 28, 2013). It follows that Lakhter does not — and cannot — plausibly allege either that he "was entitled to take leave under the FMLA" (the third prong of the test) or that the MTA "denied or otherwise interfered with a benefit to which []he was entitled" under the statute (the fifth prong). *Graziadio*, 817 F.3d at 424; *see, e.g.*, *Arizmendi v. Rich Prods. Corp.*, No. 22-1971, 2023 WL 4246106, at *1 (2d Cir. June 29, 2023) (summary order) (affirming the grant of summary judgment on an interference claim where the employee "did not have a 'serious health

condition'" and so was "not entitled to FMLA leave"); *Duarte v. St. Barnabas Hosp.*, 265 F. Supp. 3d 325, 357 (S.D.N.Y. 2017) ("Because Plaintiff has not demonstrated that she was entitled to leave under the FMLA, her FMLA interference claim fails.").

Lakhter contends that "entitlement" for purposes of the interference analysis "refers solely to the amount of leave available to an eligible employee, *not* whether a particular reason qualifies under the FMLA." ECF No. 16 ("Pl.'s Mem."), at 10 (emphasis added). But that argument is belied by the plain language of the FMLA, which provides, in relevant part, that "an eligible employee *shall be entitled* to a total of 12 workweeks of leave during any 12-month period *for one or more of the following*," 29 U.S.C. § 2612(a)(1) (emphases added), and goes on the list the reasons that qualify employees for FMLA leave, *see id.* § 2612(a)(1)(A)-(F). It is also contrary to case law, which — consistent with the language of the statute — holds that an FMLA interference claim fails as a matter of law where, as here, the employee sought or took leave for a reason that is not covered by the FMLA in the first place. *See, e.g.*, *Duarte*, 265 F. Supp. 3d at 357. Put simply, absent an entitlement to FMLA leave, an employee may not bring an FMLA interference claim on any ground, including the ground that Lakhter presses here, namely failure to provide timely notice that leave does *not* qualify under the FMLA. *See Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155, 162 (2d Cir. 1999) (holding that the FMLA does not "giv[e] an employee a right to sue the employer for failing to give notice of the terms of the Act where the lack of notice had no effect on the employee's exercise of or attempt to exercise any substantive right conferred by the Act," which does not include any "right to receive notice"); *accord Olson v. U.S. ex rel. Dep't of Energy*, 980 F.3d 1334, 1338 (9th Cir. 2020) ("[T]he failure to provide notice does not result in a standalone cause of action; rather, 'an employee must prove, as a threshold matter, that the employer violated § 2615 by interfering

3

with, restraining, or denying his or her exercise of FMLA rights.'" (quoting *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002)).[1]

In short, however justified Lakhter may be in feeling aggrieved about how he was treated by the MTA, Lakhter does not, and cannot, allege a plausible FMLA interference claim. Accordingly, the MTA's motion to dismiss must be and is GRANTED.[2]  Moreover, the Court declines to grant Lakhter leave to amend his Complaint *sua sponte*.  Although leave to amend a complaint should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), it is "within the sound discretion of the district court to grant or deny leave to amend," *Ahmed v. GEO USA LLC*, No. 14-CV-7486 (JMF), 2015 WL 1408895, at *5 (S.D.N.Y. Mar. 27, 2015) (internal quotation marks omitted).  Here, the flaws in Lakhter's claim are substantive, so amendment would be futile.  *See, e.g.*, *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir.2000)

---

[1]    Notwithstanding the foregoing, some courts have held that an employee who is not otherwise entitled to FMLA leave may bring an FMLA claim on an equitable estoppel theory. *See, e.g.*, *Kosakow v. New Rochelle Radiology Assocs., P.C.*, 274 F.3d 706, 725-26 (2d Cir. 2001); *Prout v. Vladeck*, 316 F. Supp. 3d 784, 801 (S.D.N.Y. 2018).  But Lakhter does not invoke equitable estoppel here and, thus, has forfeited any such argument.  *See, e.g.*, *Vasquez v. New York City Dep't of Educ.*, No. 11-CV-3674 (AJN), 2015 WL 3619432, at *14 (S.D.N.Y. June 10, 2015) ("Courts generally deem an argument waived or abandoned if a party fails to make it." (collecting cases)).  In any event, an equitable estoppel argument would almost certainly fail here.  First, equitable estoppel may not even apply to the MTA, as a governmental entity, in the FMLA context.  *See, e.g.*, *Wallace v. City of New York, Dep't of Educ.*, No. 20-CV-1424 (KPF), 2021 WL 6127386, at *14 n.26 (S.D.N.Y. Dec. 28, 2021) (observing that the Second Circuit "has not . . . applied the doctrine of equitable estoppel against a government entity in an FMLA case" and that, in "discuss[ing] the weighty issues presented by estopping a government entity in the FMLA context," the First Circuit "explained that 'the Supreme Court has almost never estopped the government — outside of criminal cases or deportation'" (quoting *Nagle v. Action-Boxborough Reg'l Sch. Dist.*, 576 F.3d 1, 4 (1st Cir. 2009))).  Second, assuming *arguendo* that the doctrine could apply, it would require a showing that the MTA engaged in "affirmative misconduct."  *Schwebel v. Crandall*, 967 F.3d 96, 103 (2d Cir. 2020) (internal quotation marks omitted).  Lakhter does not allege affirmative misconduct here.

[2]    The Court need not, and does not, reach the MTA's other arguments for dismissal, *see* ECF No. 12, at 9-10; ECF No. 18, at 5-9, or Lakhter's objections to the declaration filed by the MTA's counsel, *see* ECF No. 16, at 17-19.

(noting that leave to amend "should be denied" as futile where the problem with the claim is "substantive" and "better pleading will not cure it").  Moreover, he does not request leave to amend or suggest that he is in possession of facts that would cure the problems with his claim. *See, e.g.*, *Clark v. Kitt*, No. 12-CV-8061 (CS), 2014 WL 4054284, at *15 (S.D.N.Y. Aug. 15, 2014).  Additionally, the Court granted Lakhter leave to amend his complaint in response to the MTA's motion to dismiss and explicitly warned that he would "not be given any further opportunity to amend the complaint to address issues raised by the motion to dismiss," ECF No. 15, which is also sufficient to deny leave to amend, *see, e.g.*, *TRB Acquisitions LLC v. Yedid*, No. 20-CV-0552 (JMF), 2021 WL 293122, at *3 (S.D.N.Y. Jan. 28, 2021).

The Clerk of Court is directed to terminate ECF No. 11, to enter judgment for the MTA consistent with this Memorandum Opinion and Order, and to close this case.

SO ORDERED.

Dated: February 5, 2026
      New York, New York

JESSE M. FURMAN
United States District Judge

5